UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFF WITTMAN, IMPULSE MONITORING, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 1:14-cv-00322-JAW |
| AETNA HEALTH, INC., | ) ) ) | |
| Defendant | ) | |

**ORDER ON MOTION TO STAY**

Defendant Aetna Health, Inc., citing ERISA preemption, removed this small claims case from the Maine District Court. The matter is before the Court on Defendant's Motion to Stay Proceedings Pending Resolution of Motion to Transfer Pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation and Objection to the August 22, 2014, Scheduling Order. ("Motion to Stay and Objection to Scheduling Order," ECF No. 10.)[1] Following a review of the pleadings, and after consideration of the parties' arguments, as explained below, the Court grants the motion.

**Background**

On or about May 5, 2014, Plaintiff filed a small claims action in Maine District Court alleging nonpayment by Defendant of a bill for "intraoperative monitoring services" provided to a

---

[1] The Court referred the matter for disposition. An order on a request for stay of proceedings is within a Magistrate Judge's authority to resolve non-dispositive motions by order because "[e]ven if such a motion is granted, the court still retains authority to dissolve the stay." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (addressing magistrate judge authority to impose a stay of proceedings pending arbitration).

resident of Calais, Maine, who is a beneficiary of an Aetna health benefits plan. (ECF No. 5-2.) Defendant removed the action on August 12, 2014 (ECF No. 1) and answered the complaint on August 21, 2014 (ECF No. 8). The Court issued its ERISA Scheduling Order on August 22, 2014 (ECF No. 9). On August 28, Defendant filed its Motion to Stay and Objection to Scheduling Order (ECF No. 10), which Plaintiff opposed ("Opposition," ECF No. 11).

## Discussion

Through its Motion to Stay and Objection to Scheduling Order, Defendant asks the Court to stay proceedings pending resolution of Defendant's motion to consolidate this action with approximately 30 other matters involving Plaintiff's claims for payment under various employee health benefit plans for Plaintiff's intraoperative services. The Judicial Panel on Multidistrict Litigation has scheduled a hearing on Defendants' motion to consolidate for October 2, 2014. The parties suggest that the Panel could rule on the motion before the end of October or shortly thereafter. (Motion to Stay and Objection to Scheduling Order at 8; Opposition at 4.)

Defendant asserts that a stay is appropriate because the stay is likely to be of short duration, will conserve judicial resources related to discovery proceedings, will allow the parties to avoid unnecessary and expensive duplication of effort in proceedings pending before approximately 13 different United States District Courts, and will avoid the potential for inconsistent rulings by the various district courts. (Motion to Stay and Objection to Scheduling Order at 2-7.) Plaintiff maintains that because Defendant already has unreasonably delayed payment, the Court should deny Defendant's request for a stay. (Opposition at 3-4.) Plaintiff also represents that it "opposes vigorously" consolidation because of the low dollar value and "particularities of the cases." (*Id.* at 2-3.)

2

The District Court has the discretion to grant a temporary stay. *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.* Courts routinely grant requests for stay when they are based on the pendency of transfer proceedings before the Judicial Panel on Multidistrict Litigation. *Id.*; *see also Automated Transactions, LLC v. Bath Sav. Inst.*, No. 2:12-CV-393-JAW, 2013 WL 1346470 (D. Me. Mar. 14, 2013), *report and recommendation adopted,* 2013 WL 1346409 (D. Me. Apr. 3, 2013). A court nevertheless must be mindful of Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation, which provides:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L. R. 2.1(d).

In this matter, any potential prejudice to Plaintiff as the result of the stay would be minimal given the likelihood the stay will be of limited duration. In addition, because a stay would avoid the possibility of duplication of discovery and certain court proceedings, the interests of judicial economy militate in favor of a stay. While the Court is not convinced that Defendant would experience a hardship if the Court did not enter a stay, because the lack of prejudice and the interests of judicial economy weigh significantly in favor of a stay, the Court concludes that a stay is appropriate. The Court, therefore, will enter a stay subject to the conditions set forth below.

**Conclusion**

Based on the foregoing analysis, the Court grants Defendant's Motion to Stay and Objection to Scheduling Order (ECF No. 10). Further proceedings in the matter are thus stayed

3

pending further order of the Court. Defendant shall notify the Court of a decision on the motion to consolidate as soon as Defendant receives the decision. If Defendant does not receive a decision on the motion on or before November 7, 2014, Defendant shall file with the Court a written report on the status of the proceedings related to the motion. The Court, upon review of the status report, may schedule a telephonic conference to discuss the future course of the case, including whether the continuation of the stay is warranted.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of September, 2014.